

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2008

# Kailash v. Secretary Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2373

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Kailash v. Secretary Homeland" (2008). *2008 Decisions*. Paper 796.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/796

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2373
_____

KAILASH KAILASH,

Appellant,

v.

MICHAEL CHERTOFF, SECRETARY OF DEPARTMENT
OF HOMELAND SECURITY; ASA HUTCHINSON,
AS UNDERSECRETARY OF THE DEPARTMENT OF
HOMELAND SECURITY, DIRECTORATE OF BORDER
AND TRANSPORTATION SECURITY; MICHAEL D. GARCIA,
AS ASSISTANT SECRETARY FOR BUREAU OF
IMMIGRATION AND CUSTOMS ENFORCEMENT;
THOMAS DECKER, AS PHILADELPHIA DIRECTOR FOR
DETENTION AND REMOVAL; ATTORNEY GENERAL OF
THE UNITED STATES,

Appellees.


_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
D.C. No. 05-cv-05494
District Judge: Honorable Ronald L. Buckwalter
_____

Argued April 9, 2008
Before: SMITH, HARDIMAN and COWEN, *Circuit Judges*.

(Filed: July 25, 2008)

Michael S. Henry (Argued)
2336 South Broad Street
Philadelphia, PA 19145-0000
  *Attorney for Appellant*

Richard M. Bernstein (Argued)
Office of United States Attorney
Suite 1250
615 Chestnut Street
Philadelphia, PA 19106-0000
  *Attorney for Appellees*

_____

OPINION OF THE COURT

_____

HARDIMAN, *Circuit Judge*.

Kailash Kailash appeals the District Court's denial of his petition for a writ of habeas corpus. We will affirm.

## I.

Because we write exclusively for the parties, we recount only those facts essential to our decision.

A native and citizen of India, Kailash lawfully entered the United States on April 2, 2001. After overstaying his visa, Kailash filed an application for asylum which was denied by an immigration judge (IJ). The Board of Immigration Appeals (BIA) affirmed the IJ's decision on October 29, 2002 and gave Kailash thirty days to voluntarily depart the United States. Because Kailash did not leave the country within the allotted time period, he was ordered removed on November 28, 2002.

2

On May 21, 2003, Kailash married Kelly Payne, an American citizen.  Payne filed an I-130 petition for alien relative on Kailash's behalf, which the United States Citizenship and Immigration Services (USCIS) approved on January 31, 2005.  Based on this approval, Kailash filed an I-246 application for stay of removal, an I-212 application for leave to reapply for admission after removal, and an I-485 application to adjust status to permanent residency.[1]

Following an interview on October 6, 2005, the Director of USCIS's Philadelphia District Office (District Director) issued a notice of denial of Kailash's I-485 application, indicating that Kailash had not paid the requisite filing fee for his I-212 application.[2] Moreover, the District Director found that "in the interest of justice, had an *Application*

---

[1]  Because Kailash was subject to an outstanding order of removal, he was ineligible for an I-485 adjustment of status to permanent residency without first obtaining leave to reapply for admission after removal via an I-212.

[2]  The notice of denial stated:

> Your attorney indicates that you filed an *Application for Permission to Reapply for Admission Into the United States After Deportation or Removal (Form I-212)*.  However there is no Form I-212, with a fee paid, found in the file.  Your attorney was notified on October 6, 2005 that Service records show only a *courtesy copy* of an I-212.  Furthermore this courtesy copy in the file did not have a letter of explanation attached.  On the morning of October 6, 2005 the attorney gave the Service a copy of the reason/explanation requesting permission to re-enter the United States.  Your attorney was asked to fax/submit a copy of the fee receipt or any evidence that the I-212 application was properly filed.  No response has been submitted.

(italics in original).

3

*for Permission to Reapply for Admission Into the United States After Deportation or Removal (Form I-212)* [been properly filed], **it would have been denied**" (italics and emphasis in original). In reaching this conclusion, the District Director rejected Kailash's claim that his wife would suffer extreme hardship should he be removed from the United States, stating that "[n]o evidence was submitted indicating that Mrs. Kailash could not receive adequate care in India for her conditions,"[3] that "[t]here is no reason that Mr. Kailash could not be employed in his home country and provide support for his wife," and that "[n]o reasons were provided that his wife would be unable to move to India [to] be with Mr. Kailash."[4] After the notice of denial was issued, Kailash was taken into custody by Immigration and Customs Enforcement.

Kailash timely appealed to the Administrative Appeals Unit (AAU), claiming that the District Director erred in constructively denying his I-212 application. In particular, Kailash argued that: (1) he had paid the I-212 filing fee; (2) even if there had been a problem with the I-212 filing fee, he was entitled under 8 C.F.R. § 103.2(a)(7)(ii) to notice of the problem and fourteen days within which to make payment; and (3) even if he had submitted insufficient evidence to establish extreme hardship to his wife upon his

---

[3] Kailash's wife has polycystic ovarian syndrome, a medical condition which has resulted in the removal of two ovarian cysts and will likely result in the removal of additional cysts in the future. She also has hyperthyroidism, a medical condition which results in an elevated heart rate and nervousness.

[4] The notice of denial did not address Kailash's I-246 application for a stay of removal.

removal, the District Director was required under 8 C.F.R. § 103.2(b)(8) to request additional evidence before denying the I-212 application. Kailash's appeal remains pending before the AAU.

In addition to his administrative appeal, Kailash filed a petition for writ of habeas corpus in the District Court for the Eastern District of Pennsylvania. The petition challenged Kailash's custody pursuant to his outstanding order of removal on the grounds that both the custody and the order persisted because of the District Director's alleged error in adjudicating Kailash's I-212 application. The District Court dismissed the habeas petition, concluding that it lacked jurisdiction under 8 U.S.C. § 1252(g) to hear Kailash's challenge to the District Director's discretionary decisions on his applications. Kailash has timely appealed the District Court's order denying his petition for a writ of habeas corpus.

## II.

As an initial matter, we note that Kailash's habeas petition does not involve the merits of his I-212 application; that is, Kailash does not challenge the substance of the District Director's determination that his wife would suffer extreme hardship upon his removal. It is clear that we would lack jurisdiction to consider such a challenge under 8 U.S.C. § 1252(a)(2)(B), which forecloses review of the discretionary denial of an I-212 application.

Rather, Kailash seeks review of alleged procedural errors in the adjudication of his I-212 application. The District Court concluded that it lacked jurisdiction to hear this claim pursuant to 8 U.S.C. § 1252(g), which provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." In doing so, the District Court wrote that § 1252(g) prevents Kailash from challenging "respondent's discretionary decisions, or lack thereof, relating to the applications."

However, Kailash is not challenging a discretionary decision with regard to his I-212 application. Rather, he is challenging the District Director's alleged failure to adhere to applicable procedural regulations, a matter that is not subject to discretion. In contrast to the District Court's approach, the operative question in determining whether § 1252(g) deprives us of jurisdiction is whether a claim of procedural error "aris[es] from the decision or action by the Attorney General to . . . adjudicate cases." The parties cite no caselaw — nor are we aware of any — that speaks to this precise question.[5]

---

[5] Though the government contends that *Gomez-Chavez v. Perryman*, 308 F.3d 796 (7th Cir. 2002), is "directly on point," we disagree. *Gomez-Chavez* involved an alien's attempt to obtain judicial review when the USCIS simply failed to adjudicate his I-212 application. The Seventh Circuit concluded that it lacked jurisdiction, writing that § 1252(g)'s "strict limitations apply not only to the Attorney General's positive actions, but also to his refusals to take action" and that "[a]n alien attempting to achieve judicial review of such discretionary measures may not avoid the 1252(g) bar by the simple expedient of recharacterizing a claim as one challenging a refusal to act." *Id.* at 800. As Kailash notes, his case involves a procedurally improper adjudication rather than a

6

Assuming without deciding that we are not barred by § 1252(g) from reviewing Kailash's claim, it is nevertheless clear that a habeas petition is inappropriate in the present context. Indeed, Kailash is not challenging the validity of his outstanding order of removal.[6] Instead, he contends that there is a connection between the alleged procedural errors and the *persistence* of the order of removal (and hence his custody) such that habeas relief is appropriate. Specifically, Kailash claims that had the District Director adjudicated his I-212 application in accordance with the regulations, it would have been approved, resulting in the termination of the order of removal and attendant custody.

This reasoning is flawed, however. Even if we assume that the District Director failed to adhere to the regulations in adjudicating the I-212 application, it does not necessarily follow that Kailash would then be released from custody. Indeed, the District Director could deem Kailash's application properly filed, request and receive additional evidence in accordance with 8 C.F.R. § 103.2(b)(8), and then deny the I-212 application on the merits.[7] Thus, Kailash is only challenging the procedure afforded him in an adjudication that *could* terminate his custody should his I-212 eventually be approved on the merits.

---

wholesale failure to adjudicate.

[6] Kailash concedes that the order of removal was the legitimate result of his failure to voluntarily depart the country following the BIA's affirmance of the IJ's denial of his asylum application.

[7] Moreover, as noted above, we would lack jurisdiction to review this discretionary denial on the merits under 8 U.S.C. § 1252(a)(2)(B).

Given that Kailash does not challenge the substance of the removal order and attendant custody, a habeas petition is plainly an inappropriate vehicle for the relief that he seeks.[8]

For the foregoing reasons, Appellee's motion for summary affirmance will be denied, we will vacate the District Court's order staying removal, and the decision of the District Court will be affirmed.

---

[8] Accordingly, Kailash's Suspension Clause challenge — whereby he claims that he could have sought habeas review of the District Director's procedural errors before the passage of the REAL ID Act, but cannot do so after the passage of the REAL ID Act — must fail. Because Kailash does not challenge the propriety of his custody, habeas relief is inappropriate regardless whether the petition was brought before or after the passage of the REAL ID Act. Furthermore, we note the existence of numerous cases rejecting Suspension Clause challenges to the REAL ID Act because the petition for review mechanism is an "adequate and effective" substitute for habeas review. *See, e.g., Kolkevich v. Attorney General*, 501 F.3d 323, 332 (3d Cir. 2007) (*citing Swain v. Pressley,* 430 U.S. 372, 381 (1977)).

8